J-S67013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL LUIS SOLER | : | |
| | : | |
| Appellant | : | No. 1156 EDA 2018 |

Appeal from the Judgment of Sentence March 2, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002999-2017

BEFORE:  OTT, J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                         **FILED MARCH 26, 2019**

Angel Luis Soler appeals from the judgment of sentence imposed March 2, 2018, in the Bucks County Court of Common Pleas.  On October 13, 2017, a jury convicted Soler of terroristic threats, recklessly endangering another person ("REAP"), and disorderly conduct,[1] and the court found Soler guilty of the companion summary offense of criminal mischief.[2]  The court subsequently sentenced Soler to a term of one-year probation.  On appeal, Soler challenges the sufficiency of the evidence supporting his convictions. For the reasons below, we affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S. §§ 2706(a)(1), 2705, and 5503(a)(1), respectively.

[2] *See* 18 Pa.C.S. § 3304(a)(1).

The trial court set forth the facts as follows:

The charges in the instant case arose out of an incident that occurred during the evening hours of December 22, 2016 on Brook Street in Bristol Borough, Bucks County, between [Soler] and his neighbor, Harry Scancella.[1] On that date, Mr. Scancella was on the porch of his home with his sons and nephews, ages six, seven, eight and ten. His neighbor, Amy Sartoris, whose residence is attached to Mr. Scancella's residence, was home and was at various times on her porch. Mr. Scancella's mother was sitting on a porch a few doors down. [Soler] and his girlfriend, were on their porch, directly across the street, approximately twenty feet from Mr. Scancella, Ms. Sartoris and the children.

_____

[1] At the time of trial, Mr. Scancella was thirty-five years old. [Soler] was thirty-four years old.

_____

Viewed in the light most favorable to the Commonwealth, the evidence introduced at trial established that the altercation began when [Soler]'s girlfriend, who had been involved in an ongoing dispute with Mr. Scancella's sister and mother,[2] began yelling and cursing, calling Mr. Scancella's family members names. At that point, a verbal argument ensued between [Soler]'s girlfriend and others on the street. In response to her use of profanity, Mr. Scancella yelled across the street to the [Soler]'s girlfriend stating, "Yo, the kids are on the porch." The focus of the argument then shifted to Mr. Scancella who then began to argue with [Soler] and his girlfriend. During this heated exchange, [Soler] attempted to goad Mr. Scancella into a physical altercation, calling for him to "come over here." [Soler] told Mr. Scancella that he was going to blow up Mr. Scancella's house. After further arguing back and forth, [Soler] grabbed his girlfriend's phone and called across to Mr. Scancella, "I am going to call my boys from North Philly and we are going to shoot up your house." [Soler] then walked off his porch and made a telephone call. As Mr. Scancella tried to get the children off his porch and into his home, [Soler]'s girlfriend continued to yell at him. [Soler] then threw a full can of soda in the direction of where Mr. Scancella, his nephew and Ms. Sartoris were standing. Mr. Scancella described the speed and path of the can, stating that it

came "flying" across, right past him, missing him by two feet and missing his nephew's head by an inch, before it struck a window sill, cracked the window screen and "exploded." Mr. Scancella got his nephew into the house and closed [the] door. Fearing for the safety of himself and his family, Mr. Scancella called the police.

_____

[2] Mr. Scancella was not involved in that dispute.

_____

Ms. Sartoris was called as a Commonwealth witness and confirmed that [Soler] threatened to get his "boys from North Philly" to shoot up Mr. Scancella's house. She also confirmed that he then walked off the porch to make a cellphone call and that he "hurled" the soda can across the street, striking the window on Mr. Scancella's porch. She testified that she was only one or two feet away from where the can struck.

Trial Court Opinion, 7/17/2018, at 2-3 (record citations omitted).

Soler was charged and convicted of the above-mentioned crimes. On March 2, 2018, the court sentenced him to a term of one-year probation for the disorderly conduct conviction. No further penalty was imposed with respect to the remaining claims. Soler did not file any post-sentence motions, but did file this appeal.[3]

He raises the following argument:

Was the evidence produced at trial sufficient to convict [Soler] of the charges of terroristic threats, recklessly endangering another person, and disorderly conduct, as [Soler] did not possess the *mens rea* sufficient to convict for terroristic threats, did not

_____

[3] Subsequently, trial counsel was permitted to withdraw and the court appointed new counsel. On June 25, 2018, the trial court ordered Soler to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Soler filed a concise statement on July 9, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 17, 2018.

commit an act which placed the victim in danger of death or serious bodily injury sufficient to convict for REAP, and did not cause substantial harm or serious inconvenience so as to merit a misdemeanor three conviction for disorderly conduct?

Soler's Brief at v (some capitalization removed).

Prior to addressing the substantive claims, we must determine whether Soler's argument has been properly preserved for appellate review. As a panel of this Court has previously explained, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa. Super. 2015). Moreover, "[s]uch specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.*** (citation omitted).

We find ***Freeman*** dispositive. There, the appellant's concise statement alleged that "the evidence at trial was insufficient to sustain a conviction of the crimes charged." ***Freeman***, 128 A.3d at 1247-1248. The panel determined the appellant's statement did "not specify which element or elements of the relevant crimes, or even which crimes, the Commonwealth failed to prove beyond a reasonable doubt" and such an "assertion is far too

vague to warrant meaningful appellate review." **Freeman**, 128 A.3d at 1248.[4]

Therefore, the panel concluded the appellant's sufficiency challenge was waived.

Turning to the present matter, in his concise statement, Soler simply stated:

> 1. The evidence produced at trial was insufficient to convict [Soler] of the charges of Terroristic Threats, Recklessly Endangering Another Person, Disorderly Conduct and Criminal Mischief.

Concise Statement of Matters Complained of on Appeal, Pursuant to Pa.R.A.P. 1925(b), 7/9/2018. Each crime that Soler refers to contains multiple elements and he failed to "state with specificity the element or elements upon which [he] alleges that the evidence was insufficient." **Freeman**, 128 A.3d at 1248. Accordingly, Soler waived his sufficiency argument for lack of specificity in the concise statement.[5]

Judgment of sentence affirmed.

---

[4] **See also** Pa.R.A.P. 1925(b)(4)(ii) and (vii).

[5] Assuming arguendo that Soler had properly preserved his sufficiency challenge, we would find that he was not entitled to any relief based on the trial court's well-reasoned July 17, 2018, opinion. **See** Trial Court Opinion, 7/17/2018, at 3-6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/26/19</u>